HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEVERLEE KAMERLING,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C12-1635RAJ

ORDER

This matter comes before the court a motion calendar it created to address petitioner's motion invoking 28 U.S.C. § 2255, as well as Petitioner's motion for reconsideration. For the reasons stated herein, the court concludes that Petitioner has not established a valid challenge to the sentence this court imposed in July 2009. The court DENIES the motion for reconsideration (Dkt. # 19) and directs the clerk to terminate this action and enter judgment for Respondent.

Petitioner pleaded guilty to one count of conspiracy to commit securities fraud and one count of conspiracy to obstruct justice. This court imposed a 90-month sentence in July 29. Petitioner appealed the sentence unsuccessfully. *See United States v. Alexander*, 416 Fed. Appx. 665 (9th Cir. 2011). She then unsuccessfully petitioned the United States Supreme Court for certiorari. In September 2012, she filed her § 2255 motion. In a December 10, 2012 order, the court issued an order (Dkt. # 18) resolving several ancillary motions. In that order, the court cautioned Petitioner to stop filing amendments

ORDER – 1

1  to her § 2255 motion without leave of court.  Petitioner has construed that instruction as a
2  statement that the court declined to consider her previous amendments, and moves for
3  reconsideration on that basis.  Petitioner is incorrect; the court has considered all of the
4  pleadings she has submitted in this case.  There is no basis to reconsider the December 10
5  order.  *See* Local Rules W.D. Wash. LCR 7(h)(1) (setting standard for motion for
6  reconsideration).

7       As to the merits, Petitioner focuses her attack largely on the allegedly ineffective
8  assistance of a series of lawyers who represented her throughout the underlying criminal
9  case.  As Respondent correctly observes, a party raising a claim of ineffective assistance
10 of counsel in a case that resulted in a guilty plea must not only show that counsel's
11 representation fell below an objective standard of reasonableness, but that there is a
12 reasonable probability that the defendant would not have pleaded guilty but for the
13 ineffective assistance.  *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996);
14 *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The court has reviewed Petitioner's motion and
15 the evidence she submitted in support of it.  None of it demonstrates unreasonable
16 conduct by her attorneys, and none of it demonstrates that Petitioner would not have
17 pleaded guilty but for the alleged conduct of her attorneys.  The court finds an evidentiary
18 hearing unnecessary.

19      Petitioner also suggests that her sentence was disproportionate in light of
20 sentences she identifies from different judges in different courts as to crimes with
21 different circumstances.  The court finds no evidence that it imposed a disproportionate
22 sentence.

23      For the reasons stated herein, the court DENIES Petitioner's § 2255 motion and
24 directs the clerk to DISMISS this action and enter judgment for Respondent.

ORDER – 2

Because the court finds that reasonable jurists would not debate the resolution of this motion, the court declines to issue a certificate of appealability.  *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 2nd day of April, 2013.

*[signature]*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3